IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAFAYETTE HAMPTON, II, #46287 )<br><br>Plaintiff, )<br>vs. )<br><br>BETHALTO POLICE DEPARTMENT, et al., )<br><br>Defendants. ) | Case No. 3:22-cv-01328-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff John LaFayette Hampton, II, a pretrial detainee in the Madison County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims related to an alleged unlawful arrest and detention, a state court criminal prosecution, and alleged use of excessive force at the Madison County Jail. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

As a preliminary matter, the Madison County Jail, Bethalto Police Department, and Madison County Court are not "persons" subject to suit under § 1983. And to the extent Plaintiff seeks to hold them responsible for the actions of their employees, there is no respondent superior liability under § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001).

The remaining defendants are three state's attorneys and a judge. Judges are protected by absolute immunity from § 1983 suits for damages when they are sued for solely judicial acts. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A judge will not be deprived of immunity because the action taken was in error, was done maliciously, or was in excess of judicial authority. *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978). Likewise, "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). It is clear from Plaintiff's allegations that the state's attorneys and the judge were acting within the scope of their duties when they allegedly committed the acts of which Plaintiff complains. Thus, they are immune from liability relative to Plaintiff's claims.

For the above reasons, the Complaint does not survive review under § 1915A and will be dismissed. Because it is not clear that amendment would be futile as to all claims Plaintiff seeks to bring, he will be given an opportunity to file a First Amended Complaint.

## Disposition

The Complaint is **DISMISSED without prejudice** and with leave to file a First Amended Complaint by August 8, 2022. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 22-1328)**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to

describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading. If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed without prejudice for failure to comply with a court order and for failure to prosecute his claims. The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: July 7, 2022**              *s/ Staci M. Yandle*
                                          **STACI M. YANDLE**
                                          **United States District Judge**