**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JOHN LAFAYETTE HAMPTON, II, #46287,**

**Plaintiff,**

**vs.**

**C/O DAWDY, C/O KIRKPATRICK, JOHN DOE C/O #1, #2, #3, and #4, STEVE RIDINGS, and MATTHEW DOVER,**

**Defendants.**

**Case No. 3:22-cv-01328-SMY**

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff John Lafayette Hampton, II, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was a pretrial detainee at the Madison County Jail (Doc. 1). The Court dismissed Plaintiff's original Complaint without prejudice following preliminary review under 28 U.S.C. § 1915A (Doc. 8). Thereafter, Plaintiff filed an amended complaint. He has since been released from custody (Doc. 19).

This matter is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. (Doc. 10). Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 10): Plaintiff was arrested on March 5, 2022 by Bethalto Police Officers and taken to the Madison County Jail (Doc. 10, p. 6). He was charged with motor vehicle related offenses on March 7 or 8,

2022 and put into a booking cell.

After a few minutes, Defendant Correctional Officers Dawdy and Kirkpatrick pulled Plaintiff out of the cell, hitting and kicking him and forcing him to the ground. They dragged Plaintiff down the hall to the "drunk tank" cell while continuing to hit and kick him. In the drunk tank, John Doe Officers #1-4[1] joined Dawdy and Kirkpatrick. The officers continued to violently beat Plaintiff, stomping on his head and body and kicking his ribs while he lay in a fetal position (Doc. 10, pp. 6, 8-9). They then forced him into a face-down spread-eagle position and continued the beating. Plaintiff believes there is a video camera outside the door of the drunk tank that would have captured these events.

The officers left Plaintiff on the floor of the drunk tank for at least a week without a mat or blanket. He couldn't walk and could barely see because of his injuries (Doc. 10, p. 10). Plaintiff begged for medical attention for two days (Doc. 10, pp. 10, 12, 14-16). He crawled to the infirmary and saw a nurse. The next day, a radiologist took x-rays of Plaintiff's head and body which showed no displaced fractures of his ribs or spine, and no skull or jaw fractures (Doc. 10, p. 13). Plaintiff's teeth were broken and he continued to suffer from tooth pain. He had not been given any dental care as of the time he filed the First Amended Complaint on July 22, 2022.

Plaintiff filed a grievance, which Defendant Lt. Dover answered by directing Plaintiff to address the matter with his attorney (Doc. 10, pp. 11, 18-19). Plaintiff appealed the grievance to Defendant Captain Ridings, who issued the same response.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Fourteenth Amendment excessive force claim against Defendants Dawdy, Kirkpatrick, and the John Doe Officers #1-4 for beating

[1] Plaintiff believes there were four additional officers participating in the beating, but there could have been more (Doc. 10, p. 8).

Plaintiff on March 7 or 8, 2022.

Count 2: Fourteenth Amendment deliberate indifference to serious medical needs claim against Defendants Dawdy, Kirkpatrick, and the John Doe Officers #1-4 for failing to get medical attention for Plaintiff after beating and injuring him on March 7 or 8, 2022.

Count 3: Claim against Defendants Dover and Ridings for failing to address Plaintiff's grievances over the beating incident.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

**Discussion**

**Count 1**

Because Plaintiff was a pretrial detainee at the time of the events, his claims are governed by the Fourteenth Amendment. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). The allegations in the First Amended Complaint are sufficient for Plaintiff to proceed on the excessive force claim against Dawdy, Kirkpatrick, and the John Doe Officers #1-4. Plaintiff must identify the John Doe Officers, however, before they can be notified of the lawsuit.

**Count 2**

A pretrial detainee's claim for deliberate indifference to a medical condition is considered under the Due Process Clause of the Fourteenth Amendment. *See Kingsley*, 576 U.S. at 395-96; *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Plaintiff alleges that he suffered visible injuries and pain as a result of the beating, and the Defendant Officers failed to obtain medical care for

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

him. A guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" Cooper *v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Accordingly, Plaintiff may also proceed on the deliberate indifference claim in Count 2 against Dawdy, Kirkpatrick, and the John Doe Officers #1-4.

**Count 3**

Plaintiff alleges that his grievance about the alleged beating was addressed to Defendants Dover and Ridings, and they failed to take any remedial action. However, he does not claim that Dover or Ridings was personally involved in the beating or were aware of the incident until he filed a grievance.

To be held individually liable in a civil rights action, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). An official who merely responds to a grievance over a past incident does not have "personal involvement" in the constitutional deprivation that gave rise to the grievance. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Accordingly, Count 3 will be dismissed for failure to state a claim upon which relief may be granted.

**Identification of Doe Defendants**

Defendant Ridings, in his official capacity as Captain of the Madison County Jail, will remain as a Defendant for the purpose of responding to discovery aimed at identifying the unknown Defendants (John Doe Officers #1-4). *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the

undersigned Judge. Once the names of the Doe Defendants are discovered, Plaintiff shall file a motion to substitute the newly identified individuals for the Doe Defendants.

## Disposition

The Complaint states colorable claims in Counts 1 and 2 against Dawdy, Kirkpatrick, and the John Doe Officers #1-4. Count 3 and Dover are **DISMISSED** without prejudice.

The Clerk shall prepare for Dawdy, Kirkpatrick, and Captain Steve Ridings (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: June 29, 2023**

***s/ Staci M. Yandle***
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.